IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. SULLIVAN, | ) | CASE NO. 1:13 CV 0200 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| TIMOTHY MERICLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff James D. Sullivan filed the above captioned action under the Stored Communications Act ("SCA"), 18 U.S.C. § 2707, against the Ohio Adult Parole Authority ("OAPA"), and OAPA Parole Officer Timothy Mericle. In the Complaint, plaintiff alleges the defendants exceeded the authority he gave them to access his email in violation of 18 U.S.C. § 2707. He seeks monetary damages.

**Factual and Procedural Background**

Plaintiff was on parole from a conviction for a sexual offense. After failing to complete a VOA program in Cincinnati, plaintiff was returned to Cleveland on February 22, 2011. He was placed under the supervision of Senior Parole Officer Timothy Mericle. Mericle imposed several conditions of supervision, including a blanket prohibition of using a computer. Plaintiff expressed some concern with this restriction so a meeting was arranged with a sexual offender specialist to determine if there was some way plaintiff could be given limited access to a computer.

At this meeting on March 2, 2011, plaintiff complained that the restriction impinged on his ability to seek employment, and indicated his resume was stored in his Yahoo! email account as an attachment to an email. Mericle offered to retrieve the resume for plaintiff if plaintiff agreed to provide his user name and password. Plaintiff contends he agreed to this arrangement and provided the information needed to gain access to his email account. He claims he also noted the specific location of the email with his resume appended as an attachment. He alleges an unknown parole officer took down the information and left the room. She returned shortly thereafter with copies of his resume. He contends Mericle left the room a few minutes later and returned with copies of emails plaintiff sent from his Yahoo! account in violation of the terms and conditions of his parole. Mericle arrested plaintiff and charged him with a parole violation. After a hearing, plaintiff's parole was revoked and he was returned to prison. Plaintiff contends Mericle knowingly exceeded his authorization to access his Yahoo! account in violation of 18 U.S.C. §2701 and §2707.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Discussion

As an initial matter, plaintiff fails to state a claim for relief against the Ohio Adult Parole Authority ("OAPA"). The OAPA is an agency of the State of Ohio. The Eleventh Amendment provide states with immunity from suits brought in federal courts by their own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Nevertheless, courts have recognized that there is no Eleventh Amendment bar in three instances: (1) where the state has consented to suit; (2) where the plaintiff seeks only prospective relief; or (3) where Congress has abrogated the state's immunity. *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir.1999). None of these conditions apply in this case. The State of Ohio has not consented to suit. Plaintiff seeks monetary damages for past behavior and Congress has not abrogated the state's immunity. The Eleventh Amendment therefore is an absolute bar for this suit for damages against the State of Ohio or its agency. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Plaintiff's claims against the OAPA lack an arugable basis in law, and must be dismissed.

In addition, plaintiff fails to state a claim upon which relief may be granted against Mericle. "Congress enacted the relevant provision of the SCA, 18 U.S.C. § 2701, to protect privacy interests in personal and proprietary information from the mounting threat of computer hackers 'deliberately gaining access to, and sometimes tampering with, electronic or wire communications' by means of electronic trespass." *See Devine v. Kapasi*, 729 F.Supp.2d 1024, 1026 (N.D. Ill.2010). Title 18 U.S.C. § 2701(a) provides:

> Except as provided in subsection (c) of this section whoever–
> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or
> (2) intentionally exceeds an authorization to access that facility and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

Any person who is aggrieved by a violation of the statute may pursue a civil action for damages.

Determining whether there was unauthorized access under the SCA is similar to determining whether there was trespass to property. *Cardinal Health 414, Inc. v. Adams*, 582 F. Supp. 2d 967, 976 (M.D. Tenn. 2008). The difference between committing the tort of common law trespass and violating the SCA, is that intentional conduct is required to violate the SCA. *Id.* The term "intentional" in this context is narrower than the dictionary definition of "intentional" and requires more than a finding that the offender engaged in conduct or caused a result. To violate the SCA, "the conduct or the causing of the result must have been the person's conscious objective." *Id.*; *Butera & Andrews v. IBM Corp.*, 456 F.Supp.2d 104, 109 (D.D.C.2006). Furthermore, while SCA punishes the act of accessing a "facility through which an electronic communication service is provided" in an unauthorized manner, the SCA does not punish disclosing and using the information

obtained through prohibited actions. *Sherman & Co. v. Salton Maxim Housewares, Inc.*, 94 F.Supp.2d 817, 820 (E.D.Mich.2000).

Plaintiff claims he gave his user name and password for his email account to an unknown employee of the OAPA. She took it and return a short time later with copies of his resume. He contends Mericle remained in the room with him for a short time and then left the room. He returned with a copy of an email plaintiff had sent earlier that same day. As an initial matter, plaintiff does not allege sufficient facts to demonstrate that Mericle, and not the unnamed female OAPA employee, accessed the email in question. Because the SCA does not prohibit disclosing or using the information in the email, plaintiff cannot state a claim against Mericle by merely alleging he came into the room with a copy of the email and used that email to revoke Plaintiff's parole. Plaintiff has not adequately pled facts to suggest Mericle personally accessed the email.

Moreover, even if Mericle had accessed the email, there are no facts alleged suggesting he exceeded his authority to do so. Plaintiff acknowledges that he gave Mericle authorization to access his email account and provided him with his user name and password. He contends however, that he only intended for Mericle to access the one email with his resume attachment. He does not specify where in his email this resume was found. When an email account is opened by a user, it generally opens to the inbox and shows all of the read an unread mail that has not been deleted by the user. An email that is received in the inbox will indicate if the user has responded to that email, and will show the date that the email was received. Therefore, when the unnamed clerk or Mericle opened the email account to retrieve the resume, it would be immediately apparent from what was visible on the screen that plaintiff had accessed his email earlier in the day. When plaintiff gave his parole officers permission to access his account, he could not reasonably expect them to ignore all

readily visible evidence of a parole violation. The facts alleged do not support a violation of 18 U.S.C. § 2701(a).

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2013

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.